UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
PATRICK DELIA,

       Plaintiff,     **MEMORANDUM
                AND ORDER**

  - against -

                CV 03-3367 (DRH) (JO)

JOHN E. POTTER,

       Defendants.
----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

  On July 15, 2005, I scheduled a status conference in this case for August 24, 2005, at 9:30 a.m.. Docket Entry ("DE") 49. In advance of that conference, by letter-motion dated August 10, 2005, plaintiff requested an order compelling the government to provide discovery demanded in a large number of interrogatories and document requests. DE 53. The government responded with a letter dated August 16, 2005, in which it asserted that it was "unclear as to exactly which portions of the discovery requests are disputed in this motion and, therefore, cannot respond substantively to plaintiff's motion." DE 55. I thereupon issued an order that provided, in relevant part,

> The government's response does not explain why that application should not be granted. I will grant the motion as unopposed with respect to any specific request to which the government has not specifically responded by August 23, 2005. To the extent that the government's counsel is uncertain as to the specific items in dispute, it can of course confer in good faith with its adversary. If the parties agree to an extension of the August 23 response deadline set forth above so as to allow them to resolve their dispute without judicial intervention, I will consider granting it.

Endorsed Order dated August 17, 2005.

  On August 23, 2005, at the end of the business day (5:19 p.m. according to the court's electronic docketing system – approximately 17 hours before the scheduled conference) , the

government filed an 18-page, point-by-point response to all of the plaintiff's requests but one. As I learned at the conference the next morning, the government did not provide a copy of that response to the plaintiff until the start of the conference, a circumstance for which each party laid blame at the other's door. I adjourned the conference to allow the plaintiff to review the response and resumed once he was ready.

I also learned two additional facts at the conference of relevance to the disposition of the instant motion. First, the plaintiff stated that he needed time to review the government's disclosures with respect to several of the items at issue to determine whether they were sufficient, and purported to reserve the right to complain further about those disclosures if he determined that they were not. Second, I learned that the defendant retained the services of a court reporter to transcribe the conference proceedings. The government's counsel reported that she had been instructed to do so by her supervisor. In light of the fact that all court proceedings in this case are electronically recorded and available for transcription without such measures, I must consider the defendant's decision to incur such a needless expense in assessing the persuasiveness of the government's arguments that some of the plaintiff's discovery requests place an undue burden on the government's limited resources.

As a result of the plaintiff's position that he has yet to determine whether the government's responses to some of the interrogatories at issue are sufficient, I must conclude that his motion to compel with respect to those items is unripe. As a result, I deny without further consideration the plaintiff's motion to compel further responses to Interrogatories 6, 7, 9, 13- 14, 16-19, 21-24, 26-28, and 30-31. To the extent that the plaintiff later seeks to compel production

2

with respect to those items, I will permit the government to rest on the response it has already provided to the extent it is content to do so.

Of the remaining items, during the conference the plaintiff orally withdrew his request for an order to compel as to Interrogatories 15, 20, and 33, as well as Document Request 4. Based on the parties' respective submissions and their further arguments at the conference on August 24, 2005, I resolved the other remaining items as follows:

<u>Interrogatory 1 and Document Request 7</u>: The government agreed to examine the personnel files of three specific individuals, whose names the plaintiff supplied, and will produce any responsive information and documents therein. To the extent the discovery demands seek a broader search of government files, they are denied.

<u>Interrogatories 3, 8, 11, 12, 15, 20, 33 and Document Requests 2 and 7</u>: The applications are denied for reasons stated on the record.

<u>Document Request 9</u>: In its letter opposing all of the other pending applications, the government did not responded with respect to this request for production. Pursuant to the terms of my order of August 17, 2005, the application could therefore granted as unopposed, but I am satisfied that the omission was an oversight and that the government's opposition is in any event well-founded. Accordingly, the application is denied.

<u>Interrogatory 10</u>: This dispute differed from the others in that the government objected to a portion of the interrogatory as having been propounded outside the boundaries of its agreement with the plaintiff regarding the submission of more than 25 interrogatories including sub-parts. After discussing the matter with the parties, it appears that regardless of the preceding objection, the government has provided (or has agreed to provide) documents that provide the names of the

individuals that the plaintiff seeks by his question to identify. That satisfies the government's obligations, but the government's counsel stated that she will further endeavor to help the plaintiff locate within the information provided the names of the individuals at issue. No more is required, and the application for an order to compel is therefore denied.

To summarize, because all of the individual requests at issue are either premature, moot, withdrawn, or not properly a basis for an order of compulsion, the plaintiff's request for an order to compel is, in its entirety, DENIED.

**SO ORDERED.**

Dated: Central Islip, New York
August 24, 2005

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge